FILED
JUL 1 9 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

KENT CRAWFORD. JR.
1901 FLORIDA AVENUE, NE
WASHINGTON, D.C. 20002

    PLAINTIFF,

V.

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRSIONS
800 NORTH CAPITAL STREET, N.W.
WASHINGTON, D.C. 20002

    And

DISTRICT OF COLUMBIA
SERVE: THE HONORABLE ANTHONY WILLIAMS,
MAYOR OF DISTRICT OF COLUMBIA
1350 PENNSYLANIA AVENUE, N.W.
WASHINGTON, D.C. 20004-3001

    And

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
1923 VERMONT AVENUE, N.W.
WASHINGTON, D.C. 20004-3001
    And

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
RECORDS OFFICE
1901 D. STREET, S.E.
WASHINGTON, D.C. 20003-2534

    DEFENDANTS.

CASE NUMBER   1:05CV01424

JUDGE: Ricardo M. Urbina

DECK TYPE: Civil Rights (non-employment)

DATE STAMP: 07/19/2005

## COMPLAINT FOR MONETARY DAMAGES BASED ON UNLAWFUL DETENTION

COMES NOW, Plaintiff **Kent Crawford, Jr.** by and through counsel Tony O. Shaw, and herein files this Complaint against the above captioned Defendants for monetary damages based


on unlawful detention, false imprisonment, negligence, and deprivation of Due Process. In support of the Complaint filed herein, Plaintiff states with good cause as follows with good case shown:

**JURISDICTION**

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. 1343, 1361 and 42 USC 19983 of the United States Code.

**PARTIES**

2. The Plaintiff, Kent Crawford, Jr., is a natural adult person residing in the District of Columbia and is a former D.C. inmate alleging that he was denied his due process rights because his time computation for the period of his incarceration was calculated in error. Moreover, as a result of this computational error he was unlawfully detained beyond his release date at prison facilities in Pennsylvania and the District of Columbia.

3. That Plaintiff has complied with the provisions of Title 12, Section 309 of the District of Columbia Code and its requirement to provide notice to the District of Columbia government prior to filing a claim.

4. That Plaintiff while held in the prison facility in Pennsylvania, filed a Petition for Writ of Habeas Corpus on September 16, 2004. That said petition was transferred to the United States District Court for the Middle District of Pennsylvania on September 23, 2004. This petition, however, is moot as Defendant was released from the D.C. Department of Corrections on or about October 8, 2004, without explanation.

5. That Defendants are government agencies and employees who participated or responsible of the denial of Plaintiff's right to due process, through their failure to properly address an administrative grievance filed by Defendant, which challenged his time computation. Defendants also contributed to the miscalculation of Plaintiff's time computation that resulted in Plaintiff being unlawfully detained for a period in excess of 160 days and as much as 360 days, beyond his required and correct release date.

## FACTS RELEVANT TO ALL COUNTS HEREIN

6. That the Plaintiff was held in the D.C. Jail until on or about October 8, 2004. This prison time resulted from a D.C. Board of Parole issued for an alleged parole violation. A probable cause hearing was held and Plaintiff's parole was revoked despite the fact that Plaintiff was not given a Parole Certificate of Release or informed of his parole conditions, as required by Police and Procedures.

7. Plaintiff was fully aware that he was not given jail time credit for the two months he was held in D.C. Jail awaiting the execution of the parole warrant, and he filed several administrative grievance complaints with both the D.C. Department of Corrections and the Federal Bureau of Prisons as well as with the U.S. Parole Commission seeking an administrative remedy during that time. Furthermore, Plaintiff contends that he was not afforded jail credit during the time he was detained in the D.C. Jailing awaiting execution of the D.C. Board of Parole warrant.

8. Plaintiff also contends that the improper time computation established by D.C. Jail Records and Federal Bureau of Prisons was in error and that he continuously requested that his sentence be recomputed to credit him with the jail credit he spent in custody awaiting execution of the D. C. Board of Parole warrant.

9. Defendants did not have adequate administrative policies and procedures in place to address Plaintiff's complaint.

10. That had the Defendants had the appropriate administrative procedures in place to allow Plaintiff the opportunity to challenge a faulty time computation, then the time computation could have possibly been reviewed in a timely manner and Plaintiff would not have been unlawfully detained for such an extended period without due process.

11. That had Plaintiff been given credit for the jail credit time he spent in the D.C. Jail while awaiting execution of the D.C. Board of Parole warrant, then Plaintiff would have been released on the parole violation on a date earlier then October 8, 2004.

12. That due to the defendants gross negligence in time computation of Plaintiff's sentence, which resulted in their failure to apply the jail credit Plaintiff was entitled to while awaiting execution of the D.C. Board of Parole caused Plaintiff to be unlawfully detained.

13. That the facts and specific circumstances which gave rise to Defendants computation error are as follows:

14. That on or about October 17, 1998, Plaintiff was arrested in the District of Columbia and charged with "possession of cocaine," he was held in D. C. Jail on case number F7507-98C and or about on October 18, 1998, he was scheduled to be released

15. That, however, on or about October 18, 1998, although he was supposed to be released from the D.C. Jail in case number F7507-98C (possession of cocaine), Plaintiff was not released because a D.C. Board of Parole warrant was issued, without cause or reason.

16. That Plaintiff remained in the D.C. Jail on the D.C. Board of Parole warrant from October 18, 1998, until December 9, 1998. Subsequently, a D.C. Board of Parole warrant was executed on December 10, 1998.

17. That the D.C. Department of Corrections' Records Office on December 10, 1998, executed the D. C. Board of Parole warrant and provided information that Plaintiff owed 1,947 days on the remaining (7) year sentence that the D.C. Superior Court had imposed in case number F11590-86D, for the offense of Distribution of PCP, and Cocaine and for the offense of Distribution of Marijuana, Possession of PCP in case number F1468-87(F) and (G).

18. That the D.C. Board of Parole violation time owed of 1,947 days effective December 10, 1998, and subtracted the time Plaintiff was held in the D.C. Jail on the parole warrant from October 18, 1998 through December 9, 1998, for a parole violation time remaining to be service of 1,895 days for a Full Term Date of March 14, 2004 and Mandatory

4

Release Date of October 25, 2002 (statutory Good Time Credit of 505 days had been applied).

19. That on May 14, 1999, the D.C. Superior Court in case number F7507-98C, Possession of Cocaine imposed a term of 180 days to run concurrent.

20. That on May 14, 1999, D.C. Superior Court sentence of 180 imposed in case number F7507-98C, to run concurrent did not change the D.C. Department of Corrections time computation of December 10, 1998, for a Full Term Date of March 14, 2004 and Mandatory Release Date of October 25, 2002.

21. That however on May 24, 1999, however, the D.C. Department of Corrections Records Office prepared Plaintiff's Face Sheet to reflect the May 14, 1999 date because the D.C. Superior Court 180 day concurrent sentence imposed would not have affected the time computation prior to imposition of the concurrent sentence unless the concurrent sentence imposed was greater than the time serving, and in this case it was not.

22. That based on the Face Sheet, dated May 24, 1999, the D. C. Department of Corrections Records Office changed the D.C. Parole violation time owing from 1,895 days to 1,947 days for a Full Term Date of April 7, 2004 and Mandatory Release Date of November 13, 2002 and thereafter Plaintiff was transferred to the Federal Bureau of Prisons to complete serving the D.C. Parole violation time owing.

23. That the Federal Bureau of Prisons is required to verify any D.C. sentence computation for which an inmate has been transferred to their custody to complete serving of a sentence.

24. That the Federal Bureau of Prisons failed to perform their duty, as they neglected to verify the D.C. sentence computation for accuracy and Plaintiff was to be released from custody by mandatory release on or about November 10, 2002 and a Full Term Date of April 7, 2004.

25. That subsequently on October 27, 2003, Plaintiff was arrested in the District of Columbia and charged with the offense of Solicitation in case number M-1886-03A.

26. That on October 27, 2003, as a result of the new charge and arrest, the D.C. Board of Parole issued and executed its parole warrant and Plaintiff was transferred to a federal prison to complete service of the parole back-up time owing.

27. That the Federal Bureau of Prisons computed Plaintiff's back-up time owing on the parole supervision from the D.C. Department of Corrections May 24, 1999, Face Sheet for a Full Term Date of April 7, 2004, that had changed the December 10, 1998, Face Sheet which had accredited Plaintiff jail credit from October 18, 1998 through December 9, 1998, for a Full Term Date of March 15, 2004.

28. That the Plaintiff contended he owed 141 days back-up time on October 27, 2003, parole supervision time remaining for a Full Term Date and Mandatory Release Date of March 15, 2004. The error occurred when the Federal Bureau of Prisons relied on the time computation prepared by the D.C. Department of Corrections Records Office and certified by the Federal Bureau of Prisons in 1999, which stated that Plaintiff owed 459 days back-up time for a Full Term Date of September 29, 2004.

29. That on February 9, 2004, the D. C. Superior Court in case number M-1886-03A, imposed a term of 40 days consecutive, which was due to run after completion of the D.C. parole violation time serving.

30. That Plaintiff filed numerous administrative complaints with both the D.C. Department of Corrections and the Federal Bureau of Prisons challenging the time computation for the back-up time owing of 459 days as having been computed in error and, thereafter, filed a petition for Habeas Corpus.

31. That on or about September 30, 2004, the Federal Bureau of Prisons returned Plaintiff to the D.C. Jail to begin service of the consecutive 40 day sentence imposed in case number

M-1886-03A, with a mandatory release date of September 29, 2004 from the D.C. parole violation time to be served.

32. That Plaintiff upon his return to the D.C. Department of Corrections began service of his (40) day consecutive sentence, and once again complained that the D.C. parole violation time had been computed in error.

33. That the D.C. Department of Corrections on or about October 8, 2004, did review the D.C. parole violation time owed and determined that the jail credit from October 18, 1998 through December 9, 1998, had not been applied when the Face Sheet Date of May 29, 1999, had been prepared that voided the December 10, 1998, Face Sheet which credited Plaintiff with jail credit from October 18, 1998 through December 1998 and as a result the D.C. parole time owed expired March 15, 2004.

34. That the D.C. Department of Corrections found that the D.C. parole violation time owed had been computed in error, and that Plaintiff was to have been released on March 15, 2004. Plaintiff, however, remained in the Federal Bureau of Prisons custody as a result of the computation error until his release on September 19, 2004. At which time he began service of the (40) day consecutive sentence and was eventually released from the D.C. Jail on October 8, 2004.

35. That the Plaintiff should have been released from the D.C. parole violation time owed on March 15, 2004 and because he remained in the Federal Bureau of Prisons custody until September 19, 2004, that the (40) consecutive sentence actually should have been satisfied on April 24, 2004, thus Plaintiff was unlawfully detained from April 25, 2004 through October 8, 2005.

## COUNT I – UNLAWFUL DETENTION

36. That to award damages under 42 U.S.C. 1983, the Plaintiff must show that as a result of conduct performed under the color of state law, or that the Plaintiff was not afforded his

7

statutory right to due process, and that the Plaintiff was deprived of life, liberty, or property without due process.

37. That the Plaintiff filed an administrative grievance with the Defendants which challenged his time computation. This grievance alleged that an error was made because Defendants did not credit jail time he accrued while held in the D.C. Jail awaiting execution of a D.C. Board of Parole warrant.

38. That Defendants deprived Plaintiff of his due process rights to have his grievance heard before the appropriate administrative body. That is, his grievance which challenged the time computation in violation of Plaintiff's protected right under the 5th and 14th Amendments of the U.S. Constitution and which caused the deprivation of life, liberty or property without due process.

39. That under the due process clauses of the 5th and 14th Amendments of the United States Constitution, Plaintiff (an inmate) has a liberty interest and a right to be released upon the expiration of his maximum term of imprisonment.

**WHEREFORE**, based on the foregoing, Plaintiff seeks damages against Defendants in the amount of **$259,425.00 (two hundred and fifty-nine thousand, four hundred twenty-five dollars)**, including attorney costs and fees.

## COUNT II – DEPRIVATION OF DUE PROCESS

40. Plaintiff incorporates by reference paragraphs 1 through 39 of the Complaint.

41. Deprivation of due process requires a showing that Defendants deprived Plaintiff of a statutory right to due process in seeking an administrative redress depriving him of his property interest.

42. Defendants unlawful detainment of Plaintiff without proper cause, which deprived Plaintiff of his liberty and the opportunity to be released from prison after serving the correct time.

**WHEREFORE**, based on the foregoing, Plaintiff seeks damages against Defendants in the amount of **$150,000.00 (one hundred and fifty thousand dollars)**, including attorney costs and fees.

## COUNT III – FALSE IMPRISONMENT

43. Plaintiff incorporates by reference paragraphs 1 through 43 of the Complaint.

44. False imprisonment requires a showing that there was an act or omission to act on the part of Defendants that resulted in Plaintiff's confinement and that the Defendants were the direct and proximate cause of that confinement.

45. Defendants falsely imprisoned Plaintiff when he was unlawfully detained beyond his actual prison time.

**WHEREFORE**, based on the foregoing, Plaintiff seeks damages against Defendants in the amount of **$124,200.00 (one hundred twenty-four thousand and two hundred dollars)**, including attorney costs and fees.

## COUNT IV – NEGLIGENCE

46. Plaintiff incorporates by reference paragraphs 1 through 46 of the Complaint.

47. Negligence requires a showing that Defendant owed a duty of care to Plaintiff, that Defendant breached said duty, and as a result Plaintiff suffered damages.

48. Defendants owed a duty to Plaintiff, as an inmate, to ensure that his sentence was properly computed and that he as released on his actual release date.

49. Plaintiff served time in prison, and was not given credit for said months in the computation of his prison time.

50. Defendants clearly erred in the computation of Plaintiff's sentence and did not have adequate policies and procedures in place to address computation errors or complaints filed by inmates seeking recalculations of sentences.

51. If Defendants had properly credited Plaintiff for the two months served, his actual release date would have fallen on a date prior to the date that he was actually released.

52. As a result of Defendants negligence, Plaintiff suffered damages when he was denied life and liberty and the opportunity to earn an income and all other opportunities associated with an existence free from incarceration.

**WHEREFORE**, based on the foregoing, Plaintiff seeks compensatory damages against Defendants in the amount of **$124,200.00 (one hundred twenty-four thousand two hundred dollars)**, including attorney costs and fees.

### COUNT V – PUNITIVE DAMAGES

53. That Plaintiff incorporates by reference paragraphs 1 through 50 of the Complaint.

54. That Defendants' intentional willful, wanton and malicious acts resulted in the unlawful detention of Plaintiff.

**WHEREFORE**, based on the foregoing, Plaintiff seeks punitive damages against the Defendants in the amount of **$1,000,000.00 (one million dollars)**, including attorney costs and fees.

Respectfully submitted,

_____
Tony O. Shaw, Esq. (#450082)
1522 K Street, NW, Suite 200
Washington, DC 20005
(202) 347-6796

Counsel for Plaintiff