UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**KENT CRAWFORD, JR.**              )
                                    )
              Plaintiff,            )
                                    )
        v.                          )   Civil Action No.05-1424 (RMU)
                                    )
UNITED STATES DEPARTMENT            )
 OF JUSTICE , *et al.*,             )
                                    )
              Defendants.           )
_____)

**ANSWER OF THE DISTRICT OF COLUMBIA DEFENDANTS**

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), the District of Columbia Defendants (hereafter collectively the "District" or "Defendants"), by and through undersigned counsel, hereby respectfully answer the Complaint in the above-captioned case. For ease of reference only, the District refers to the headings appearing in the Complaint in responding herein.

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

**JURISDICTION**

1. The District admits the statutory references cited in paragraph 1 of the Complaint, but denies that they necessarily confer jurisdiction on this Court.

2. The District admits that Plaintiff is a natural person and is without knowledge or information sufficient to form a belief as to the allegation that Plaintiff resides in the District. The remaining allegations of paragraph 2 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no responsive pleading is required. To the extent a response is required, the District denies said allegations.

## PARTIES

3. The District admits that a letter was received citing Title 12, Section 309 of the District of Columbia Code, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint.

4. The District admits that Defendants was released from the D.C. Department of Corrections on or about October 8, 2004 and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint.

5. The District admits that the District Defendants are government agencies and employees. The remaining allegations of paragraph 5 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

## FACTS RELEVANT TO ALL COUNTS

6. The District admits that the Plaintiff was held in the D.C. Jail on a parole violation. The remaining allegations of paragraph 6 of the complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

7. The allegations of paragraph 7 of the complaint are Plaintiff's factual

characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

8. The allegations of paragraph 8 of the complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

9. The District denies the allegations of paragraph 9 of the Complaint.

10. The allegations of paragraph 10 of the Complaint are impermissible argument to which no response is required. To the extent a response is required, the District denies the allegations.

11. The allegations of paragraph 11 of the Complaint are impermissible argument to which no response is required. To the extent a response is required, the District denies the allegations.

12. The allegations of paragraph 12 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

13. The allegations of paragraph 13 of the Complaint state no facts to which a response is required. To the extent it seeks to incorporate by reference the subsequent paragraphs, the District incorporates by references its response to each subsequent paragraph.

14. The District admits that Plaintiff was arrested in the District of Columbia and charged with possession of cocaine. The remaining allegations of paragraph 14 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the

allegations.

15. The allegations of paragraph 15 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

16. The District is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint.

17. The District is without knowledge of information sufficient to form a belief as to the allegations of paragraph 17 of the Complaint.

18. The District is without knowledge or information sufficient to form a belief as to the allegations of paragraph 18 of the Complaint.

19. The District admits the allegations of paragraph 19 of the Complaint.

20. The allegations of paragraph 20 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

21. The allegations of paragraph 21 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

22. The District admits that Plaintiff was transferred to the Federal Bureau of Prisons to complete serving the D.C. Parole violation time owing. The District is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22 of the Complaint.

23. The District admits the allegations of paragraph 23 of the Complaint.

24. The allegations of paragraph 24 of the Complaint are not directed to the District and, therefore, no response is required.

25. The District admits the allegations of paragraph 25 of the Complaint.

26. As to the allegations of paragraph 26 of the Complaint, the District responds that the D.C. Board of Parole was abolished prior to October 27, 2003, and thus denies the allegations of paragraph 26 of the Complaint.

27. The allegations of paragraph 27 of the Complaint do not relate to the District and, therefore, no response is required.

28. The allegations of paragraph 28 of the Complaint as to the Federal Bureau of Prisons do not relate to the District and thus no response is required. The remaining allegations of paragraph 28 are Plaintiff's factual characterizations and legal conclusions to which no response is required.

29. The District admits the allegations of paragraph 29 of the Complaint.

30. The allegations of paragraph 30 of Complaint concerning the Federal Bureau of Prisons do not relate to the District and, therefore, no response is required as to said allegations. As to the remaining allegations, the District is without knowledge or information sufficient to form a belief as to the truth of the allegations.

31. The District admits that Plaintiff was returned by the Federal Bureau of Prisons and is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 31 of the Complaint.

32. The District admits that Plaintiff was returned to the D.C. Department of Corrections to began service of a sentence. The remaining allegations of paragraph 32 are Plaintiff's factual characterizations and legal conclusions to which no response is required.

33. The District admits that on or about October 6, 2004, Plaintiff's sentence was reviewed and this he was released on October 8, 2004.. The remaining allegations of

paragraph 33 are Plaintiff's factual characterizations and legal conclusions to which no response is required.

34. The District admits that Plaintiff was released from the D.C. Jail on or about October 8, 2004. The remaining allegations of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

35. The allegations of paragraph 35 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

## COUNT I – UNLAWFUL DETENTION

36. The allegations of paragraph 36 of the Complaint are Plaintiff's legal conclusions to which no response is required.

37. The allegations of paragraph 37 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

38. The allegations of paragraph 38 of the Complaint are Plaintiff's legal conclusions to which no response is required.

39. The allegations of paragraph 39 of the Complaint are Plaintiff's legal conclusions to which no response is required.

## COUNT II – DEPRIVATION OF DUE PROCESS

40. In response to paragraph 40, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

41. The allegations of paragraph 41 of the Complaint are Plaintiff's legal conclusions to which no response is required.

42. The allegations of paragraph 42 of the Complaint are unintelligible and not capable of a response. To the extent the District understands them, they are Plaintiff's

factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

### COUNT III – FALSE IMPRISONMENT

43. In response to paragraph 43, the District adopts and incorporates by reference it answers to the preceding paragraphs of the Complaint.

44. The allegations of paragraph 44 of the Complaint are Plaintiff's legal conclusions to which no response is required.

45. The allegations of paragraph 45 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

### COUNT IV—NEGLIGENCE

46. In response to paragraph 46, the District adopts and incorporates by reference its answers to the preceding paragraphs of the Complaint.

47. The allegations of paragraph 45 of the Complaint are Plaintiff's legal conclusions to which no response is required.

48. The allegations of paragraph 46 of the Complaint are Plaintiff's legal conclusions to which no response is required.

49. The District admits the Plaintiff served time in prison. Otherwise the allegations of paragraph 49 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

50. The allegations of paragraph 50 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

51. The allegations of paragraph 51 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

52. The allegations of paragraph 52 of the Complaint are Plaintiff's factual characterizations and legal conclusions to which no response is required.

### COUNT V –PUNITIVE DAMAGES

53. In response to paragraph 53, the District incorporates by reference its answers to the preceding paragraphs of the Complaint.

54. The District denies the allegations of paragraph 54 of the Complaint/

As to Plaintiff's WHEREFORE clauses in each Count above, no answer is required. To the extent, however, a response is required, the District denies that the requested relief should be awarded and requests that the Court dismiss the Complaint with Plaintiff taking nothing by way of damages against the District.

The District further answers that all allegations not specifically admitted are denied.

### THIRD DEFENSE

The District, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FOURTH DEFENSE

Defendants District of Columbia Department of Corrections and Department of Corrections Records Office are non *sui juris.*

## FIFTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

DATED:  November 9, 2005

**Respectfully submitted,**

ROBERT J. SPAGNOLETTI
Corporation Counsel, D.C.

GEORGE C. VALENTINE
Deputy Corporation Counsel, D.C.
Civil Litigation Division

/s/ Richard S. Love_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431

/s/ Ellen A. Efros_____
ELLEN A. EFROS, D,C. Bar No. 250746
Assistant Attorney General
Equity I Section
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone:  (202) 442-9886
Facsimile:  (202) 727-0431
ellen.efros@dc.gov