**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| KENT CRAWFORD, | : | | |
| Plaintiff, | : | Civil Action No.: | 05-1424 (RMU) |
| v. | : | Document No.: | 1 |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.*, | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

*SUA SPONTE* DISMISSING CLAIMS AGAINST THE FEDERAL DEFENDANTS

On July 19, 2005, the plaintiff, Kent Crawford, filed a complaint against the defendants, the District of Columbia, the D.C. Department of Corrections and the D.C. Department of Corrections Records Office (collectively the "District defendants") and the United States Department of Justice and the Federal Bureau of Prisons (collectively the "Federal defendants"). The Federal Rules of Civil Procedure require plaintiffs to perfect service of process on all defendants within 120 days of filing their complaint and to provide the court with proof of service. FED. R. CIV. P. 4(c), (l), (m). In the nearly three years since filing his complaint, the plaintiff has not served any of the defendants. Therefore, on May 7, 2008, the court issued a minute order directing the plaintiff to show cause on or before May 16 as to why he had failed to demonstrate proper service of process pursuant to Rule 4(m). To date, the plaintiff has not responded and has not perfected service of process. Accordingly the court dismisses *sua sponte* and without prejudice the plaintiff's claims against the Federal defendants.

The District defendants, however, submitted an answer on November 9, 2005. Rule 12(h) provides that a defendant who submits an answer and does not raise insufficient service as

a defense therein has waived that defense. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 194-95 (3d Cir. 1998) (cataloging the unanimity of opinion in the federal courts that Rule 12(h)'s waiver provision trumps Rule 4(m)'s dictate requiring dismissal if process is not timely served); FED. R. CIV. P. 12(h).  Under Rule 12(h), the defendant may assert a waivable defense in an amendment to his answer made as of right. *Id.*  The District defendants had until November 29, 2005, to amend their answer as of right. *See id.* at 15(a) (stating that a party has 20 days to amend a responsive pleading without seeking leave of the court).  A defendant is not required to assert defenses not "then available" in his answer, *see id.* at 12(g), and insufficient service of process is not an available defense until the 120-day period to serve ends, *Candido v. District of Columbia*, 242 F.R.D. 151, 161 (D.D.C. 2007).  Once the defense becomes available, however, failure to amend one's answer to assert it counts as waiver. *See Greene v. Keller*, 224 F.R.D. 659, 660-61 (D. Nev. 2004) (holding the defense of insufficient service waived where the defendant failed to amend his answer within the 20-day window to assert it).  The plaintiff's 120-day window for serving the defendants closed on November 16, 2005, 13 days before the District defendant's opportunity to amend as of right ended.  The District defendants have, therefore, waived the defense of insufficient service of process and the case will proceed against them.  An order consistent with this memorandum opinion is separately and contemporaneously issued this 19th day of June, 2008.

                                              RICARDO M. URBINA
                                              United States District Judge